IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

CIVIL ACTION NO.: _____

| | |
|---|---|
| Joyce Stevens, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | **(Jury Trial Requested)** |
| ) | |
| Walmart Inc. and Wal-Mart Stores ) | |
| East, LP, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The Plaintiff, Joyce Stevens (hereinafter designated as "Plaintiff"), complaining of the Defendants, Walmart Inc. and Wal-Mart Stores East, LP, does allege the following:

**PARTIES/JURISDICTION**

1. Plaintiff is a citizen and resident of Darlington County, South Carolina.

2. Upon information and belief, Defendant Walmart Inc. is a publicly traded Delaware corporation with its principal place of business in Arkansas. Defendant Wal-Mart Stores East, LP is a Delaware limited partnership with its principal place of business in Arkansas. Defendants Walmart Inc. and Wal-Mart Stores East, LP (collectively "Walmart" or "Defendants") were at all times relevant hereto registered to do business in South Carolina and did transact business and own real property in Florence County, South Carolina.

3. This action is of a civil nature and involves a controversy that is wholly between citizens of different states and the value of the matter in dispute in said cause is believed to exceed the sum of Seventy-Five Thousand and No/100 ($75,000.00) Dollars, exclusive of interest and

costs. Therefore, Plaintiff respectfully believes the jurisdictional threshold is established. Based on this information, said action is one over which the District Court of the United States has original jurisdiction pursuant to 28 U.S.C §1332.

## FACTUAL ALLEGATIONS

4. Plaintiff hereby restates each and every allegation contained in the preceding paragraphs as if fully set forth herein.

5. That on or about January 11, 2022, the Plaintiff was a customer and invitee at Walmart Store #2703 located at 2014 South Irby Street in Florence, South Carolina.

6. At all relevant times here, Defendants were the sole owner and operator of Store #2703 and were responsible for its agents, servants, and employees acting within the course and scope of their agency or employment.

7. Upon arriving at Store #2703 between approximately 1:30-2:00 p.m., Plaintiff began shopping and pushed a shopping cart as she walked inside the premises. After placing a few personal items in her shopping cart, she walked to the store's toy department to shop for a birthday gift for her grandniece. As Plaintiff shopped on the toy aisle, she noticed that a Walmart employee pushing a rolling cart containing boxes stacked one on top of the other was coming in her direction as she stood in the aisle. Plaintiff moved her shopping cart as close to the shelf she was closest to in order to give Walmart's employee the maximum space possible to pass her on the aisle. As the Walmart employee approached closer, the rolling cart forcefully made contact with Plaintiff's shopping cart, which propelled the shopping cart into Plaintiff's body and knocked her violently to the floor.

8. Upon hitting the floor, Plaintiff struck her head and entire body and was unable to lift herself off the floor. As she lay on the floor and later while sitting in a chair with

assistance, Plaintiff became incontinent and lost control of her bladder. Despite Plaintiff being in excruciating pain and unable to walk, Walmart's employees did not call or request medical assistance for Plaintiff. Emergency management services were not contacted until Plaintiff's sister, upon being notified of Plaintiff's condition, arrived at Walmart approximately twenty minutes later and called 911. As a result of the impact from being knocked to the floor, Plaintiff sustained serious bodily injuries, including but not limited to, multiple pelvic fractures, head, left shoulder, and left leg.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

9. Plaintiff hereby realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

10. Defendants owed duties to Plaintiff to exercise reasonable and ordinary care for Plaintiff's safety and to not create dangerous and/or unsafe conditions on the premises.

11. Through the negligence, recklessness, willfulness, and wantonness of the Defendants and its agents' and employees' actions and inactions, Defendants have breached their duties in the following particulars:

    a. In striking the Plaintiff with heavy equipment as she was an invitee on the premises;

    b. In creating a dangerous and hazardous condition to exist by requiring its employees to push heavy equipment down aisles where Plaintiff is invited to shop;

    c. In failing and omitting to exercise ordinary and reasonable care to safeguard its customers, particularly Plaintiff, from injuries from heavy equipment utilized on its premises;

      d.      In failing and omitting to give any or adequate warning to Plaintiff as Defendants' employees and agents pushed heavy equipment through the premises;

      e.      In failing and omitting to take any precautions whatsoever of a reasonable nature to protect Plaintiff from the dangers of the store on the occasion that Plaintiff was using same;

      f.      In failing and omitting to exercise due care for the safety of its customers under the circumstances prevailing and existing at said time and place;

      g.      In failing to properly hire, train, supervise, and/or monitor Defendants' employees and agents;

      h.      In failing to follow generally accepted standards of care applicable to the operation of a highly trafficked store;

      i.      In failing to take reasonable and necessary measures under the circumstances to mitigate the effects of injuries sustained by its customers, particularly Plaintiff, by contacting the appropriate emergency personnel;

      j.      In any other acts which represent a breach of the statutory or common law of the State of South Carolina; and

      k.      In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

12.    That as a direct and proximate cause of said negligence, wantonness, recklessness and unlawfulness on the part of the Defendants, the Plaintiff was greatly and severely injured in and about Plaintiff's pelvis, right shoulder, head, right leg, and other parts of the Plaintiff's body; that Plaintiff was rendered sick, sore, lame, disabled, and bruised and continues so to

be; that all of such injuries have caused Plaintiff extreme and excruciating pain continuously to this date and the Plaintiff will suffer such pain in the future.

13. That as a direct and proximate cause of said negligence, wantonness, recklessness, and unlawfulness on the part of the Defendants:

   (a) The Plaintiff has received treatment from a hospital and will be required to enter the hospital in the future for further treatment;

   (b) The Plaintiff was confined to the care and treatment of skilled physicians and nurses; that Plaintiff is presently being treated by such persons and will continue to receive treatment from them in the future; that Plaintiff has expended large sums of money for such treatment and will be obligated to expend even more money in the future for such care and treatment;

   (c) The Plaintiff was hindered and prevented, and in the future will be hindered and prevented, from transacting and attending to Plaintiff's necessary and lawful affairs since the injury;

   (d) The Plaintiff was in the past, present and will continue in the future to be put to great expense for medicine and drugs;

   (e) The Plaintiff has expended large sums of money in the past and present for transportation to and from the doctor's office and hospitals and will continue to have such expenses in the future for consultations and treatment; and

   (f) The Plaintiff's health has been permanently impaired.

14. That as a result of the acts of the Defendants, the Plaintiff has sustained actual damages.

15. Upon information and belief, because Defendants' acts were willful, wanton, and in reckless disregard for the Plaintiff's rights, Plaintiff is entitled to an award of punitive damages against the Defendants.

**WHEREFORE**, Plaintiff Joyce Stevens asks for judgment against the Defendants Walmart Inc. and Wal-Mart Stores East, LP, jointly and severally for an award of actual damages, an award of punitive damages, attorneys' fees and the costs of this action and for such other and further relief as this Honorable Court deems just and proper.

Florence, South Carolina

December 14, 2022

*/s/ Robert D. McKissick*
**ROBERT D. MCKISSICK**
Attorney for Plaintiff
Federal ID: 7425

**ABBOTT, MCKISSICK & HOPEWELL, LLC**
470 W. Evans Street (29501)
Post Office Box 148
Florence, South Carolina 29503
(843) 669-0089
Fax: (843) 669-0085
Email: rmckissick@amhattorneys.com